IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PRAGMATUS AV, LLC,                    )
                                      )
                                      )
          Plaintiff,                  )
                                      )
    v.                                )    1:10cv1288  (LMB/JFA)
                                      )
FACEBOOK, INC., et al.,               )
                                      )
          Defendants.                 )

F I L E D

JAN 2 7 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

    Before the Court is the Defendants' Joint Motion to Transfer
Venue Pursuant to 14 U.S.C. § 1404(a) ("Mot. to Transfer") [Dkt.
No. 38], in which all four defendants in this patent infringement
lawsuit move to transfer venue to the Northern District of
California, where three of the four defendant corporations are
headquartered.  We dispense with oral argument because the facts
and legal contentions are adequately presented in the materials
before us and argument would not aid the decisional process.  For
the reasons stated below, the motion to transfer will be granted.


I. Background

    In 2007, inventors J. Chris Lauwers, Keith A. Lantz, Gerald
J. Burnett, Lester F. Ludwig, and Emmett R. Burns filed three
patent applications for the storage, distribution, and playback
of media files, U.S. Patent Application Nos. 11/737,723 ("'723
application"), 11/668,625 ("'625 application), and 11/669,003

("'003 application"). Exs. A, B, and C to Compl. Lauwers, Lantz, and Burnett live in the Northern District of California. Ludwig lives in Texas, and Burns lives in Montana. The attorney who prosecuted the applications, Craig P. Opperman, works in Reed Smith LLP's Palo Alto, California office. Mot. to Transfer at 5. When the applications were filed, the intellectual property was owned by Vicor, Inc., of Palo Alto., California. See Ex. 3 to Mot. to Transfer.

In January 2009, Avistar Communications Corporation ("Avistar"), based in San Mateo, California, was assigned the pending patents. Burnett is Avistar's chairman, and Lauwers is its Chief Technology Officer. Mot. to Transfer at 4. In December 2009, Avistar assigned the intellectual property portfolio to Intellectual Ventures, a patent aggregator. Exs. 2 and 3 to Mot. to Transfer.

On June 1, 2010, the United States Patent and Trademark Office issued the '723 application as U.S. Patent No. 7,730,132 ("'132 Patent"). Eight days later, on June 9, 2010, plaintiff Pragmatus AV, LLC was incorporated in Alexandria. Ex. 1 to Mot. to Dismiss. Pragmatus is jointly owned by William A. Marino and Anthony Grillo, and is "engaged in the business of owning and managing" its patent portfolio. Mem. in Opp. to Defs.' Joint Mot. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Opp.") at 2. Marino works in Virginia four days a week and has owned

2

his home in Alexandria since 2007.  Grillo lives in Pennsylvania.
See Ex. 1 to Opp.  On June 16, 2010, Pragmatus acquired the '132
patent and the pending '625 and '003 applications from
Intellectual Ventures.  Ex. 3 to Mot. to Transfer.  On October
26, 2010, the '625 application was issued as U.S. Patent No.
7,822,813 ("'813 Patent").  On November 9, 2010, the '003
application was issued as U.S. Patent No. 7,831,663 ("'663
Patent").  Id.

On November 15, 2010, Pragmatus filed this civil action
against four defendants: Facebook, Inc. ("Facebook"), LinkedIn
Corporation ("LinkedIn"), Photobucket.com, Inc. ("Photobucket"),
and YouTube LLC ("YouTube"), alleging that the video uploading
and linking technology on the companies' websites directly and
indirectly infringes the three patents.  Facebook, YouTube, and
LinkedIn are headquartered in the Northern District of
California.  Photobucket is headquartered in Denver, Colorado and
has an office in San Francisco.  Neither Facebook nor Photobucket
have any offices or employees in Virginia.  LinkedIn has one
technical employee who works part time in Virginia.  YouTube's
parent company, Google, has about 50 employees in Reston
Virginia, but none of the employees work on YouTube's research,
development, or design.

II. Discussion

"For the convenience of parties and witnesses, in the

3

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[I]n considering whether to transfer venue, a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Agilent Tech., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 324-25 (E.D. Va. 2004) (citation omitted). The movant carries the burden of establishing the propriety of the transfer request and the ultimate decision is committed to the sound discretion of the district court. Id. at 325.

A.   Whether the claims might have been brought in the Northern District of California

Under 28 U.S.C. § 1400(b), venue in patent infringement lawsuits is proper in any "district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Facebook, YouTube, and LinkedIn are headquartered in the Northern District of California and therefore reside there and are subject to personal jurisdiction in that forum. Mot. to Transfer at 1. Photobucket has an office in San Francisco and

4

does business in the district.  See Decl. of Photobucket.com Inc.
in Supp. of Defs.' Mot. to Transfer.  Pragmatus does not dispute
defendants' claim that the Northern District of California has
personal jurisdiction over the defendants.  Therefore, this civil
action could have been brought in that district.

      B.    Whether transfer is convenient to parties and witnesses
            and in the interests of justice

     The second prong of the 1404(a) analysis is a balancing test
that weighs "(1) plaintiff's choice of forum, (2) convenience of
the parties, (3) witness convenience and access, and (4) the
interest of justice."  Heinz Kettler GmbH & Co. v. Razor USA,
LLC, Case No. 1:10cv708, 2010 U.S. Dist. LEXIS 119954, at *16
(E.D. Va. Nov. 5, 2010).

        1. Plaintiff's choice of forum

     The plaintiff's choice of forum "is typically entitled to
substantial weight, especially where the chosen forum is the
plaintiff's home or bears a substantial relation to the cause of
action."  Id., at *17.   The level of deference to a plaintiff's
forum choice "varies with the significance of the contacts
between the venue chosen by plaintiff and the underlying cause of
action."  Board of Trustees v. Baylor Heating & Air Conditioning,
Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1988).

     Pragmatus argues that because it is based in the Eastern
District of Virginia, its choice of this forum is entitled to

substantial deference.  Opp. at 6.  Defendants argue that
Pragmatus's choice of forum "is entitled to little if any weight"
because there is little connection between the plaintiff and this
forum.  Mot. to Transfer at 15.

For this factor to strongly weigh against transfer, a
plaintiff must prove a legitimate connection to the district.  In
In re Microsoft Corp., Misc. No. 944 (Fed. Cir. Jan. 5, 2011),
the Federal Circuit ordered transfer of a patent infringement
lawsuit out of the Eastern District of Texas, where the plaintiff
had been incorporated only 16 days before filing the lawsuit.
The Federal Circuit rejected the plaintiff's assumption that
"this court must honor connections to a preferred forum made in
anticipation of litigation and for the likely purpose of making
that forum appear convenient."  Pragmatus's connection to this
district is similarly tenuous.  Pragmatus does not contest
defendants' description of it as a "non-practicing entity,"
meaning that it does not research and develop new technology but
rather acquires patents, licenses the technology, and sues
alleged infringers.  Pragmatus's main line of business is
enforcing its intellectual property rights, and a large part of
that task involves threatening to file lawsuits.  Pragmatus's
only employee in this district is a co-owner who has owned a home
in Alexandria since 2007 and works here part-time.

In sum, the only connection between the Eastern District of

6

Virginia and this plaintiff is that Pragmatus was formed in
Alexandria a week before it acquired the patent portfolio and
five months before it filed this lawsuit. Although plaintiff's
choice of forum weighs against transfer, this factor will be
given minimal weight in light of the weak connection between the
plaintiff and the Eastern District of Virginia.

     2. Convenience of parties

    Defendants argue that because three of the four defendants
are headquartered in the Northern District of California, this
civil action should be transferred there. Mot. to Transfer at 8.
Significantly minimizing the cost, time, and hassle of traveling
3,000 miles to Virginia, Pragmatus responds that the convenience
for defendants' employees does not justify transfer because of
"the ease of travel to Virginia by plane" and because
"Defendants are all large companies that are able to bear the
costs of litigation." Id. at 14-15.

    Pragmatus's argument fails to rebut defendants' argument
that transfer would be far more convenient for the parties and
their employees. Facebook, LinkedIn, and YouTube are
headquartered in the Northern District of California, and most of
their sources of proof, including witnesses and documents, are in
that district. Most of the employees with knowledge of the
allegedly infringing technology also are in the Northern District
of California. Photobucket states that its employees with

7

relevant knowledge are either in Denver or San Francisco.  Even
for the Denver employees, it is more convenient to travel to
California than to Virginia.  In contrast, Marino, one of the
plaintiff's co-owners,  is the only Virginia-based employee of
any party who might participate in the litigation.  Pragmatus
also argues that transfer is improper because Facebook and Google
have servers in the Eastern District of Virginia, but Pragmatus
does not claim that these servers contain any evidence that would
be presented in this civil action.  Therefore, this factor weighs
strongly in favor of transfer.

3. Convenience of witnesses

Defendants argue that transfer is necessary because most of
the non-party witnesses are in the Northern District of
California.  Many of the claims and defenses that arise in patent
infringement lawsuits, such as inequitable conduct and validity,
require the testimony of the inventors, the lawyers who filed the
patent applications, and the owners of the intellectual property
while the patent applications were pending.  Three of the five
inventors are located in the Northern District of California, as
are the attorney who prosecuted the patent applications and
Avistar.  Mot. to Transfer at 10-11.  Pragmatus argues that
transfer is unnecessary because the attorney and two of the
inventors are willing to travel to Virginia to testify.

8

Although the defendants have identified numerous potential witnesses and sources of evidence in the Northern District of California, Pragmatus, in contrast, has not identified a single non-party witness in or near the Eastern District of Virginia. Moreover, Pragmatus's claim that some California witnesses are willing to travel to Virginia does not negate the simple fact that cross-country trips would be inconvenient, and the litigation would occur 3,000 miles away from much of the defendants' sources of evidence and witnesses. Therefore, this factor weighs strongly in favor of transfer.

4. Interest of justice

"Relevant considerations in evaluating the 'interests of justice' are the pendency of a related action; the court's familiarity with the applicable law; docket conditions; access to premises that might have to be viewed; the possibility of unfair trial; the ability to join other parties; and the possibility of harassment." Nationwide Mut. Ins. Co. v. Overlook, LLC, CIVIL NO. 4:10cv00069, 2010 U.S. Dist. LEXIS 60300 (E.D. Va. June 17, 2010).

Pragmatus argues that the Eastern District of Virginia should retain this civil action because the Court has a fast-paced docket. Opp. at 16-17. The Eastern District of Virginia is known as the "rocket docket" because civil actions quickly move to trial or are otherwise resolved. As Pragmatus notes in

9

its opposition brief, the median time from the filing of a civil action to its final disposition in this district is 10 months, compared to 26.2 months in the Northern District of California. Although this efficiency may be particularly attractive to plaintiffs in complex litigation such as patent infringement actions, that efficiency also invites forum-shopping.  See Cognitronics Imaging Systems, Inc. v. Recognition, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000) ("The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner.").  Although Pragmatus adamantly denies forum-shopping, it admits that it filed suit in this district partly because it "desires a quick, efficient and consistent resolution of its claims."  Opp. at 17.

When a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in the district primarily because it is known as the "rocket docket," the interest of justice "is not served."  Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 572 (E.D. Va. 2005).  In fact, the Court's concern with being swamped with patent infringement cases is legitimate.  Left unchecked, allowing lawsuits with such a minimal connection to the district to go forward here would result in docket overloads, unfairly slowing the cases for parties with genuine connections to this

10

district. Therefore, transfer would advance the interest of justice.

III. Conclusion

        For the above stated reasons, the Court finds that the §
1404(a) factors weigh overwhelmingly in defendants' favor.
Accordingly, the Defendants' Joint Motion to Transfer Venue
Pursuant to 14 U.S.C. § 1404(a)[Dkt. No 38] will be granted in an
Order to be issued with this Memorandum Opinion.

        Entered this 27 day of January, 2011.

Alexandria, Virginia


                                                /s/
                                        _____
                                        Leonie M. Brinkema
                                        United States District Judge


                                11