United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAGMATUS AV, LLC, | Case No. 11-CV-00494-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE PENDING *INTER PARTES* REEXAMINATION OF PANTENTS-IN-SUIT** |
| v. | |
| FACEBOOK, INC., ET AL, | |
| Defendants. | Re: Docket Item No. 125 |

Presently before the court is Defendants' Motion to Stay Case Pending Reexamination of the patents-in-suit. For the reasons set forth below, the motion is GRANTED and the case is STAYED.

## I. BACKGROUND

On November 15, 2010, Plaintiff Pragmatus AV, LLC ("Pragmatus") brought this action against Defendants Facebook, Inc. ("Facebook"), YouTube, LLC ("YouTube"), LinkedIn Corporation ("LinkedIn"), and Photobucket.com Inc. ("Photobucket") alleging infringement of the patents-in-suit in the Eastern District of Virginia. On January 7, 2011, Defendants moved jointly to transfer venue pursuant to 28 U.S.C. § 1404(a). (Joint Mot. To Transfer Case, ECF No. 38.) On January 27, 2011, the Eastern District of Virginia granted the Defendants' motion and transferred this action to this court. (Mem. Op., ECF No. 59.)

On April 20, 2011, Pragmatus filed an amended complaint. (Am. Compl., ECF No. 102.) On April 25, 2011, the case was reassigned to the undersigned. On April 28, 2011, Photobucket filed its answer and counterclaims for a declaration of noninfringement and invalidity. (Answer to Am. Compl. and Counterclaim, ECF No. 105.) On May 9, 2011, Facebook, YouTube, and LinkedIn filed

their respective answers and counterclaims for a declaration of noninfringement and invalidity. (ECF Nos. 107, 112, 113).

On June 8, 2011, YouTube filed a separate request for *inter partes* reexamination for each of the patents-in-suit pursuant to 35 U.S.C. § 311. (See Decl. of Stefani E. Shanberg in Supp. Mot. To Stay ¶¶ 3-5, Exs. A, B, C.) The requests identified prior art references that YouTube argues raise substantial new questions of patentability that were not considered during prosecution of the applications that matured into the patents-in-suit, the '132 patent, the '813 patent, and the '663 patent. (Id.) On June 17, 2011, Defendants filed this Motion to Stay Pending *Inter Partes* Reexamination. (Mot. To Stay, ECF No. 125.) The PTO has since granted YouTube's requests for *inter partes* reexamination (Decl. of Robin L. Brewer in Supp. Reply Exs. A, B, ECF Nos. 140-1, 140-2; Supplemental Decl. of Stefani E. Shanberg in Supp. of Reply Brief Ex. A., ECF No. 144-1) and rejected claims 1-20 of the '813 patent (Supplemental Decl. of Stefani E. Shanberg in Supp. of Reply Brief Ex. B., ECF No. 144-2), claims 1-20 of the '663 patent (Supplemental Decl. of Stefani E. Shanberg in Supp. of Mot. To Stay Ex. B., ECF No. 145-2), and claims 1-17 of the '132 patent (Id. Ex. A, ECF No. 145-1).

## II. LEGAL STANDARDS

"Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art" consisting of patents or printed publications. 35 U.S.C. § 302 (amended 2011). "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." Yodlee, Inc. v. Ablaise Ltd., Nos. C-06-07222 SBA, C-06-02451 SBA, C-07-01995 SB, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009) (quoting Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78 (D.D.C. 2002)) (quotation marks omitted). "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." Canady, 271 F. Supp. 2d at 78 (citation omitted).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936); Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO

reexamination or reissuance proceedings." ASCII Corp. v. STD Entm't USA, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994). However, "[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." NTP, Inc. v. Research In Motion, Ltd., 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (citing Viskase Corp. v. Am. Nat'l Can Co., 261 F. 3d 1316, 1328 (Fed. Cir. 2001); Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928, 936 (Fed. Cir. 2003); Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602–03 (Fed. Cir. 1985)). Nevertheless, a court may decide to grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 563 (E.D. Va. 2007).

Courts consider three main factors in determining whether to stay a case pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing In re Cygnus Telecomms. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

### III. ANALYSIS

**A. STAGE OF PROCEEDINGS**

The early stage of a litigation weighs in favor of granting a stay pending reexamination. See Target Therapeutics, Inc. v. SciMed Life Sys., Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); see also ASCII Corp., 844 F.Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

On January 20, 2011, Pragmatus served Defendants with discovery requests. (Pl.'s Opp'n at 3:8-10). Facebook also served discovery requests on Pragmatus. (Id.) Less than two weeks later, on February 2, 2011, Pragmatus and Defendants agreed "that all disclosure and discovery deadlines . . . are stayed through the completion of the Case Management Conference in the Northern District of California." (Joint Case Management Statement Ex. A, ECF No. 106-1.) Despite that agreement,

Pragmatus served infringement contentions on April 7, 2011. (Pl.'s Opp'n at 3:19-22). At the June 29, 2011 case management conference, this court continued the stay pending a hearing on the current motion. (ECF Nos. 131, 135). No discovery has been taken, and no trial date has been set. Thus, the only substantive event in this case resulted from Pragmatus serving infringement contentions despite the agreement to stay all disclosures until the case management conference.

When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending *inter partes* reexamination. Accordingly, the court finds that this factor weighs heavily in favor of a stay.

**B. SIMPLIFICATION OF ISSUES**

According to the USPTO, 44% of all inter partes reexamination proceedings between 1999 and June 30, 2011 resulted in all claims being canceled, 43% changed the claims, and only 13% confirmed all claims. (Pl.'s Opp'n Ex. B, ECF No. 138-2.) "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." Target Therapeutics, 33 U.S.P.Q.2d at 2023; see also Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983); Pegasus Devel. Corp. v. DirectTV, Inc., No. Civ.A. 00–1020–GMS, 2003 WL 21105073, at *1-2 (D. Del. May 14, 2003) (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid). In light of the PTO's rejection and reexamination of all claims of all three patents,[1] the court finds that this factor weighs in favor of a stay, which will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the court.

---

[1] At the hearing, Pragmatus argued that the reexamination of the '813 patent was unraveling because the PTO had not adopted YouTube's proposed rejection that claims 1-7, 9-17, and 19-20 were anticipated under 35 U.S.C. § 102. In response, counsel for Facebook claimed that YouTube had not proposed a rejection based on § 102. On October 4, 2011, Pragmatus filed a motion for leave to file a supplemental brief demonstrating that YouTube, in fact, had proposed such a rejection. In light of the PTO's rejection of these same claims for obviousness, Pragmatus's argument regarding the unadopted § 102 rejection and its supplemental brief clarifying that YouTube had proposed a § 102 rejection do not change the court's analysis. Thus, the motion for leave to file the supplemental brief is DENIED.

**C. UNDUE PREJUDICE OR CLEAR TACTICAL DISADVANTAGE**

In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. See In re Cygnus Telecomm., 385 F. Supp. 2d at 1023; Affinity Labs of Texas v. Apple, Inc., 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010). The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice. Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice . . . .").

Pragmatus argues that YouTube unduly delayed in seeking reexamination by waiting seven months to file its requests. Given that YouTube filed its requests for reexamination and this motion to stay approximately two months after Pragmatus filed its amended complaint and infringement contentions, which set forth details about the scope of Pragmatus's claims, this court is persuaded that any potential delay in filing was at least partially justified.

Pragmatus also argues that, if the case is stayed, it will be unable to move for injunctive relief before the patents expire in 2013. Pragmatus, however, has not yet moved for injunctive relief nor is it clear that Pragmatus will ever move for an injunction. Furthermore, "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." Implicit Networks Inc., v. Advanced Micro Devices, Inc., No. C 08-184 JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009). "Pragmatus does not contest [D]efendants' description of it as a 'non-practicing entity,' meaning that it does not research and develop new technology but rather acquires patents, licenses the technology, and sues alleged infringers." (Mem. Op. at 6, ECF No. 59). Thus, as a patent licensor, Pragmatus has not shown it has a plausible claim to an injunction.

Finally, Pragmatus argues that it will be prejudiced because of the delay caused by the reexamination process in that evidence may degrade. Pragmatus, however, has not demonstrated that the risk of evidence loss is greater here than in any other case.

Accordingly, the court finds that this factor also weighs in favor of a stay.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for a stay of this case. This action is STAYED in its entirety pending final exhaustion of all three pending reexamination

1 proceedings, including any appeals.[2]

2 The Clerk shall ADMINISTRATIVELY CLOSE this matter.

3 The parties shall submit a joint status report apprising the court of the status of the
4 reexamination proceedings on March 1, 2012 and every sixth months thereafter.

5 The parties shall provide notice to the court within one week of final exhaustion of all
6 pending ree

7 amination proceedings, including appeals. In their notice, parties shall request that this matter be
8 reopened, and that a case management conference be scheduled.

9 IT IS SO ORDERED.

11 Dated: October 5, 2011

EDWARD J. DAVILA
United States District Judge

---

[2] This does not preclude any party from moving to reopen this action